# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO DAHILIG,<br><br>                      Petitioner,<br>vs.<br><br>JANET NAPOLITANO, Secretary of Department of Homeland Security; et al.,<br><br>                      Respondents. | CASE NO. 09-CV-0632 BEN (AJB)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner challenges his detention for over 16 months and challenges the denial of his bond request. For the reasons set forth below, the Petition is **DENIED**.

## BACKGROUND

Petitioner is a native and citizen of the Philippines. Pet. 2. He was admitted to the United States in 2001. *Id.* On May 19, 2006, Petitioner was convicted of second degree robbery, in violation of Section 211 of the California Penal Code, and sentenced to two years in custody. Return Ex. D.

On November 26, 2007, after Petitioner had served his custodial sentence, Immigration and Customs Enforcement ("ICE") initiated removal proceedings against Petitioner pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and on the grounds that Petitioner was an alien convicted of an aggravated felony. Return Ex. B.

On January 14, 2008, the Immigration Judge ("IJ") denied Petitioner's request for voluntary departure and ordered Petitioner removed to the Philippines. Return Ex. E. The IJ found Petitioner was an aggravated felon because second degree robbery is a theft offense and a categorical crime of violence and Petitioner's sentence exceeded one year. *Id.* As such, the IJ found that Petitioner was not entitled to voluntary departure. *Id.* On March 31, 2008, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision. Return Ex. G.

On April 14, 2008, Petitioner petitioned for review to the Ninth Circuit and obtained a temporary stay of removal. While the matter was pending with the Ninth Circuit and in accordance with *Casas-Castrillon*, on September 29, 2008, Petitioner received a bond hearing. Return Ex. K. The IJ denied the bond on the grounds that Petitioner was a danger to the community and a flight risk. *Id.* On January 8, 2009, the BIA affirmed the IJ's bond decision.

On March 27, 2009, Petitioner initiated this action, challenging his detention and the adequacy of the bond hearing. On September 28, 2009, Respondent filed a Return in opposition to the Petition. (Docket No. 13.) Petitioner did not file a traverse.

On July 22, 2009, while this case was pending, the Ninth Circuit denied the petition and, on November 3, 2009, denied Petitioner's request for panel hearing en banc. On November 12, 2009, the Ninth Circuit issued its mandate.

**DISCUSSION**

Petitioner challenges his detention and bond denial based on 8 U.S.C. § 1226, presumably because Petitioner's removal was stayed pending appellate review at the time that Petitioner filed his Petition. However, as noted, the Ninth Circuit has since denied Petitioner's appeal and denied Petitioner's request for a rehearing. *Dahilig v. Mukasey*, No. 08-71547, Docket No. 20 (9th Cir. Nov. 12, 2009). Therefore, Petitioner is no longer detained under 8 U.S.C. § 1226, but rather is now detained under 8 U.S.C. § 1231(a). As such, 8 U.S.C. § 1231 governs the Petition. *See Prieto-Romero v. Clark,* 534 F.3d 1053, 1057-58 (9th Cir. 2008) (holding the Section 1226 applies when removal is stayed pending appellate review, whereas Section 1231 applies when a removal order becomes final).

Under Section 1231, after a final removal order is entered, an alien ordered removed must be removed within 90 days. 8 U.S.C. § 1231(a)(1). If the alien is not removed in those 90 days, the

1 post-removal-period detention statute authorizes further detention or supervised release in certain
2 circumstances. 8 U.S.C. § 1231(a)(6). Although not specified in the statute, it is well-established that
3 this post-removal-period detention is limited to six months or "until it has been determined that there
4 is no significant likelihood of removal in the reasonably foreseeable future." *See, e.g., Zadvydas v.*
5 *Davis*, 533 U.S. 678, 701 (2001); *Diouf v. Mukasey,* 542 F.3d 1222, 1233 (9th Cir. 2008); *Prieto-*
6 *Romero,* 534 F.3d at 1068.

7 In this case, Petitioner's removal order became final when the Ninth Circuit issued its mandate
8 on November 12, 2009. *See* 1998 Amendment to Fed. R. Civ. P. 41(c) (stating "A court of appeals'
9 judgment or order is not final until issuance of the mandate; at that time the parties' obligations
10 become fixed."). Therefore, the 90-day removal period began on November 12, 2009 and expired on
11 February 12, 2010. 8 U.S.C. § 1231(a)(1)(B)(ii). However, Petitioner is still in detention. Therefore,
12 the issue becomes whether Petitioner's detention is authorized by the post-removal-period statue. The
13 six-month presumption set forth in *Zadvydas* does not apply because that period has also expired.
14 Nonetheless, the record shows that Petitioner is a citizen of the Philippines, a country with which the
15 United States has strong relations and to which ICE has been successful in removing aliens. Return
16 P. 3. Petitioner does not dispute these contentions and, in fact, has conceded that the Philippines is
17 his country of removal and he would not face fear of persecution or torture there. Return Ex. E.
18 Accordingly, the Court finds Petitioner's removal to the Philippines is reasonably foreseeable and,
19 therefore, Petitioner's challenges to his detention lack merit.

20 To the extent Petitioner challenges his bond hearing, Petitioner's claim also fails. An alien
21 detained under Section 1231(a) "cannot obtain a bond hearing before an IJ." *Prieto-Romero*, 534 F.3d
22 at 1059 n. 4 (citing 8 C.F.R. § 236.1(c)(8)). Any challenge to his bond hearing under 8 U.S.C. § 1226
23 is now moot and, therefore, likewise fails.

24 Accordingly, the Court finds that Petitioner's challenges to his detention and bond hearing lack
25 merit.

26 ///
27 ///
28 ///

///

## CONCLUSION

For the reasons set forth above, the Petition is **DENIED**. The Clerk is directed to close the file in this case.

**IT IS SO ORDERED**.

DATED: August 20, 2010

Hon. Roger T. Benitez
United States District Judge